FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10083 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00077-AWI-1 |
| v. | |
| DUNCAN WILLIAM NOTHSTEIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Submitted March 15, 2011[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Duncan Nothstein appeals from the district court's denial of his motion to

suppress evidence discovered during a search of his vehicle for narcotics. The

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

district court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.  We affirm.

The scope of Nothstein's voluntary consent included the search for narcotics.  The largely consistent testimonies of the three officers about the conversation between Nothstein and Sergeant Cavazos demonstrate that a reasonable person would have understood Nothstein to have given consent to the search for drugs.  *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991).  Based on these testimonies, the district court was satisfied that Sergeant Cavazos requested permission to search for narcotics in addition to weapons and other persons, and the court did not clearly err in finding that Nothstein gave his consent.

Once given, the consent was not withdrawn.  Nothstein did not once state that he wanted the officers to stop searching his car.  His statements expressed merely reluctance concerning the continued search, which did not equate to an unequivocal act or statement of withdrawal.  *See United States v. Brown*, 884 F.2d 1309, 1311-12 (9th Cir. 1989).  Nor was the atmosphere so coercive that Nothstein was effectively prevented from withdrawing consent.  *See United States v. McWeeney*, 454 F.3d 1030, 1036-37 (9th Cir. 2006).  There was no evidence of threats or show of force, Nothstein was not handcuffed, he was free to walk around

2

during the initial searches, and he was not prohibited from observing the initial searches.

Having obtained Nothstein's voluntary consent to the narcotics search, the officers were entitled to follow up in good faith by utilizing a drug-sniffing dog. *See United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1131 (9th Cir. 2005) ("[T]he search of the van with a drug-sniffing dog was within the scope of [the defendant's] consent."). Nothstein did not object to the use of a canine unit, despite being informed that the officers had called and were waiting for a canine unit to assist with the search. Furthermore, the officers were reasonably justified in detaining Nothstein in the patrol car for up to 20 minutes in order to allow the canine unit to search his vehicle. *See Alexander v. County of Los Angeles*, 64 F.3d 1315, 1321 (9th Cir. 1995) ("[D]etention of over an hour was reasonable when necessary in order to bring a narcotics dog to the scene to confirm the officers' suspicions that the detainee was smuggling drugs.").

**AFFIRMED.**